```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS


SHIRRON M. ADAMS,                )
     Plaintiffs,                 )
                                 )   Civ. Action No. 22-10222-PBS
     v.                          )
                                 )
WHITE HOUSE, et al.,             )
     Defendants.                 )
```

**ORDER**

March 9, 2022

SARIS, D.J.

For the reasons set forth below, the Court allows plaintiff's the motion for leave to proceed in forma pauperis, denies plaintiff's motion to appoint counsel, and dismisses this action pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

**I.  Background**

On February 10, 2022, Shirron M. Adams ("Adams") of New Bedford, Massachusetts initiated this action by filing a pro se complaint, and motions for leave to proceed in forma pauperis and to appoint counsel.  Dkt. Nos. 1- 3.  On February 28, 2022, Adams filed a motion to appoint counsel for mediation.  Dkt. No. 5.

Adams filed her complaint on the preprinted Pro Se 1 form provided by the Administrative Office of the United States Courts.  Dkt. 1.  Named as defendants are the White House, President Biden, former President of the United States Barak

Obama, and the United States Department of Justice Department of Correction. Id. at ¶ I (the parties to the complaint). Adams checked the box indicating "federal question" jurisdiction and alleges "violations of privacy, discrimination, abuse of powers, distruction (sic) of Gov. property." Id. at ¶ II(A) (if the basis for jurisdiction is a federal question). In the statement of claim, Adams states, among other things that the defendants "broke all laws imaginable and threatened people." Id. at ¶ III (statement of claim). For relief Adams seeks (1) "my privacy right now;" (2) "my money right now;" (3) my children right now;" and (4) my properties right now." Id. at ¶ IV (relief). Attached to the complaint are documents including additional allegations as well as a January 12, 2022 letter from the Department of Justice advising Adams that they will not take further action concerning her submission. Dkt. No. 1-1.

**II. Discussion**

Upon review of Adams' financial disclosures in her motion for leave to proceed in forma pauperis, the Court concludes that she has adequately demonstrated that she is without income or assets to pay the filing fee.

When a plaintiff proceeds without legal representation, the Court must construe that plaintiff's complaint liberally. See Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004). Even so, the Court must dismiss an in forma pauperis complaint

if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S .C. § 1915(e)(2)(B).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A court may dismiss a claim as "factually frivolous" if the pleaded facts are "clearly baseless"—that is, if they are "fanciful," "fantastic," or "delusional." Denton v. Hernandez, 504 U.S. 25, 32–33 (1992) (quoting Neitzke v. Williams, 490 U.S. at 325, 327, 328) (quotation marks omitted). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  Id. at 33.

Here, even with a generous reading of the complaint, it does not meet the screening requirements of 28 U.S.C. §1915(e)(2)(B)(i). In light of the nature of plaintiff's claims, the Court finds that amendment would be futile. Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that sua sponte dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).

3

**III. Conclusion**

Accordingly:

1.  The motion for leave to proceed in forma pauperis (Dkt. No. 3) is granted.

2.  This action is DISMISSED pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

3.  The motions to appoint counsel (Dkt. Nos. 2, 5) are denied as moot.

4.  The Clerk shall enter a separate Order of Dismissal.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE