UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHIRRON M. ADAMS, )
    Plaintiff, )
) Civ. Action No. 22-10222-PBS
v. )
)
WHITE HOUSE, et al., )
    Defendants. )

**ORDER**

April 13, 2022

SARIS, D.J.

    By Order dated March 9, 2022, this action was dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and closed. Dkt. Nos. 6, 7. Copies of the Court's Orders were mailed to plaintiff at that time. Dkt. No. 8.

    Since that time, plaintiff filed a motion for reconsideration, two motions on entering damages and a motion for ADR. Dkt. Nos. 9 - 12. It appears that plaintiff mailed the first of these motions before receiving the order of dismissal.[1]

    In the motion for reconsideration, plaintiff seeks to have the court "take the time to investigate [plaintiff's]

---

[1] Plaintiff's first motion is dated March 8, 2022, and was received by the court on March 11, 2022. Dkt. No. 9. The motion states that it was sent by U.S. mail on March 8, 2022. Id.

complaint." Id. at p. 2.  However, the Court does not have the power to do so. See generally In re United States, 441 F.3d 44, 58 (1st Cir 2006) (noting that "the federal courts in the American criminal justice system generally do not have the power to act as investigators or prosecutors of misconduct," and that "such powers are usually exercised by the grand jury and the executive branch.").

Plaintiff's motion for reconsideration does not support a cognizable legal claim were the court to reopen the case.  "[A] party who seeks recourse under Rule 60(b) must persuade the trial court, at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted."  Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002) (affirming denial of motion). Thus, plaintiff's motion for reconsideration is denied.

Finally, plaintiff has left numerous voicemail messages during non-business hours.  Over the weekend of March 12-13, plaintiff left 10 voicemail messages.  Plaintiff is advised that a district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it. See Chambers v. Nasco, Inc., 501 U.S. 32, 46-50

(1991).  The inherent authority of the court to control the conduct of litigation includes the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. See United States v. Gomez-Rosario, 418 F.3d 90, 101 (1st Cir. 2005); see also Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993) (requiring that the Court warn any litigant before restricting the litigant's ability to file).

    Plaintiff is advised that her repeated voicemail messages are disruptive to the operation of the clerk's office and may result in the imposition of filing restrictions or other sanctions.

    Accordingly, the motions (Dkt. Nos. 9-12) are denied and this case remains closed.

SO ORDERED.

                                          /s/ Patti B. Saris  
                                        PATTI B. SARIS  
                                        UNITED STATES DISTRICT JUDGE